IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JETHRO L. LARKIN II,   No. C-12-2482 TEH (PR)

       Plaintiff,   ORDER OF DISMISSAL

   v.

TANA STILL,

       Defendant.
_____/

      Plaintiff, a California state prisoner incarcerated at California Correctional Institution in Tehachapi, California, commenced this action when he filed a 7-page letter with the Court on May 16, 2012 wherein he complained generally of missing property (Doc. #1 at 2, 4), retaliation for exercising his rights (id. at 5), and interference with his legal mail (id. at 5). The Court cannot act on informal letters, documents, narratives, requests, etc. Consequently, on the same day the letter was filed, the Clerk notified Plaintiff that he not filed a complaint and mailed to Plaintiff the Court's form complaint for prisoner civil rights actions under 42 U.S.C. § 1983. Doc. #2.

On June 4, 2012, Plaintiff filed a formal complaint. Doc. #4. In this formal complaint, Plaintiff raises a new claim that was not raised in his initial letter, and names as a defendant a correctional officer that was not referenced in his initial letter. Specifically, Plaintiff alleges that on February 22, 2012, correctional officer Tana Still interfered with Plaintiff's attempts to complete his in forma pauperis application and caused Plaintiff wrong and harm through her words and actions. Doc. #4 at 5-7, 14. Plaintiff seeks a letter of apology from defendant, general damages of $275,000.00, compensatory damages of $500,000.00, and punitive damages of $1,250,000.00. Id. at 14.

This formal complaint is the operative complaint, and therefore the Court must assume that Plaintiff no longer seeks relief for the claims raised in his initial letter, which arose from distinct and unrelated incidents, and were asserted against a variety of different defendants. Federal joinder rules prohibit joining multiple claims and multiple defendants in a single action. See Fed. R. Civ. P. 18(a) ("A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."), 20(a)(2) (multiple parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."). If Plaintiff wishes to seek

2

1 relief for the issues raised in his initial letter, he must file a
2 new complaint doing so that complies with the federal rules.
3       The Court has reviewed Plaintiff's complaint and, for the
4 reasons set forth below, Plaintiff's complaint is DISMISSED with
5 prejudice for failure to state a claim.  Petitioner's application
6 for leave to proceed *in forma pauperis* will be addressed in a
7 separate order.

8 <center>I</center>

9       Federal courts must engage in a preliminary screening of
10 cases in which prisoners seek redress from a governmental entity or
11 officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).
12 The court must identify cognizable claims or dismiss the complaint,
13 or any portion of the complaint, if the complaint "is frivolous,
14 malicious, or fails to state a claim upon which relief may be
15 granted," or "seeks monetary relief from a defendant who is immune
16 from such relief."  *Id.* § 1915A(b).  Pleadings filed by *pro se*
17 litigants, however, must be liberally construed.  *Hebbe v. Pliler*,
18 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police*
19 *Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

20       To state a claim under 42 U.S.C. § 1983, a plaintiff must
21 allege two essential elements:  (1) that a right secured by the
22 Constitution or laws of the United States was violated, and (2) that
23 the alleged violation was committed by a person acting under the
24 color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

25       Plaintiff complains that on February 22, 2012, defendant
26 interfered with Plaintiff's attempts to complete his *in forma*
27
28

<center>3</center>

1 *pauperis* application and caused Plaintiff wrong and harm through her
2 words and actions.  Plaintiff fails to state a claim for relief
3 under § 1983.
4     The record contradicts Plaintiff's claim that defendant
5 prevented him from filing his *in forma pauperis* application;
6 Plaintiff filed a complete *in forma pauperis* application on June 4,
7 2012 and June 6, 2012.  Doc. ## 5 and 7.
8     Additionally, allegations of verbal harassment and abuse
9 fail to state a claim cognizable under 42 U.S.C. § 1983.  *See*
10 *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in*
11 *part on other grounds by* *Shakur v. Schriro*, 514 F.3d 878, 884-85
12 (9th Cir. 2008); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996),
13 *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive
14 comments by prison guard not enough to implicate 8th Amendment);
15 *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)
16 (directing vulgar language at prisoner does not state constitutional
17 claim).

## II

19     For the reasons set forth above, Plaintiff's complaint is
20 **DISMISSED** with prejudice for failure to state a claim.  The clerk
21 shall deny all pending motions as moot and close the file.
22     IT IS SO ORDERED.

23
24 **DATED**     *06/18/2012*          /s/ Thelton E. Henderson
                                        **THELTON E. HENDERSON**
25                                      United States District Judge

26
27 `G:\PRO-SE\TEH\CR.12\Larkin-12-2482-dismissal.ftsc.wpd`
28

**4**